## Roy *vs.* O'Connor.

Where, on an appeal from Justice's Court, the counsel agree to waive all technical objections, and try the case on its merits; if a note offered as off-set, and which was so used in the justice's court, be excluded, on the ground that no notice of set-off was given to the plaintiff, this is error, being in violation of the agreement.
And such agreement also cures the want of an affidavit for appeal.

THIS was an appeal from a justice of the peace, tried in the Hempstead Circuit Court, in May, 1843, before the Hon. JOHN FIELD, one of the circuit judges. O'Connor sued Roy before the justice on a note for $50 75, and an account for $14 99. Roy admitted the claims to be correct, and claimed as a set-off, a bond for $37 50, executed by O'Connor to James M. Duke, and endorsed to him. Jury, verdict for defendant $ 35 48—Judgment for $29 09 and costs, and appeal without affidavit.

In the circuit court the case was submitted to the court, as is stated in the record, "upon the understanding with the counsel that defects in the transcript and technicalities of any kind shall be waived, and this cause shall be tried wholly on its merits." The defendant then offered as a set-off the same bond offered in the justice's court. Plaintiff objected, on the ground that no notice of set-off had been given as required by the statute. Objection sustained, judgment for plaintiff $59, and costs, and motion by defendant for new trial overruled. On error.

*Hempstead & Johnson,* for plaintiff in error.   The circuit court was destitute of jurisdiction, no affidavit having been made to entitle the party to an appeal.   It is a requisite, which must be complied with, before the appellate court can have possession of the cause for any purpose, and without which the proceedings are *coram non judice.* It is a general and familiar principle that consent confers no jurisdiction.   *Rev. St. sec.* 172, *p.* 515.   *Smith vs. Stinnett,* 1 *Ark.* 497. *Woolford vs. Harrington,* 2 *Ark.* 85.   *Woods, Ex-parte,* 3 *Ark.* 532. *Knox vs. Beirne,* 4 *Ark.* 465.   *The State Bank vs. Hinchcliffe,* 4 *Ark.* 444.   *Coffin vs. Tracy,* 3 *Caines' Rep.* 129.

If the agreement to try on its merits can give jurisdiction; then it is contended that the set-off should have been admitted, without any further notice than that which must be presumed to have been given before the justice at the trial.   It constituted a part of the record on appeal, and the defendant was bound to take notice of it.   *Rev. St. sec.* 48, 49, 50, *p.* 498.   *Rev. St. sec.* 176, 177, *p.* 516.   *Ball vs. Kuykendall,* 2 *Ark. Rep.* 195.

The agreement was to waive technicalities of every kind, and try on the merits; and the plaintiff was entitled to a new trial, on the ground that he was surprised by an objection to the set-off, which, if well founded, was in violation of the agreement, and which he could not have anticipated or guarded against at the trial.   *Peterson vs. Barry,* 4 *Burr.* 481.  2 *Caines' Rep.* 129.  6 *Com. Dig. title, Pleader* (R. 17.) *Jackson vs. Warford,* 7 *Wend. Rep.* 62.   *Holmes vs. McKinney,* 4 *Mon.* 4.   *Hunt vs. Owings,* 4 *Mon.* 20.   *Lee vs. Banks,* 4 *Litt. Rep.* 11.

*Conway B.,* contra.

*By the Court,* LACY, J.   The counsel for the plaintiff objected to his bond as evidence, upon the sole ground that they had no notice of such intended off-set.   The court sustained the objection because the statute required a notice to be given.   This requisition is certainly a mere technical rule, which a party has a right to waive or insist on at pleasure.   By the agreement of the respective counsel, and which is made a matter of record, all technical objections were to be waived

by both sides. The objection insisted on at the trial, is nothing more than a mere technical objection, and should it prevail, the case could not be tried on its merits. This objection is a clear violation of their agreement, and they are estopped by their own admission from insisting that notice should have been first given them of the off-set; and the court, in excluding the note as evidence, manifestly erred.

Judgment reversed.